**Insurance Company of North America v. Miller**

*Donald T. Rogers,* for plaintiff.
*Edward M. Pulaski,* for defendant.

OLSZEWSKI, *J.,* November 18, 1981—This matter comes before the court on the preliminary objections of defendant, Steven Miller, to the complaint of plaintiff, Insurance Company of North America.

The factual background of this dispute can best be summarized as follows. On February 26, 1979, defendant, driving an uninsured motor vehicle struck and killed John Sarkonis. His estate then applied for compensation under the Assigned Claims Plan of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.108, and received basic loss benefits from plaintiff, the assigned carrier under the plan. Plaintiff now seeks reimbursement from defendant for the benefits paid to the Sarkonis Estate.

In its complaint, plaintiff alleges that it paid benefits in the amount of $1,777.60 to the Estate of John Sarkonis and that it is entitled to "indemnification or reimbursement" under Section 501 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.501. Section 501 provides:

"§ 1009.501 Uninsured motorists

"The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, shall be entitled to recover all the benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation

of his motor vehicle registration and operator's license."

Defendant quite logically points out, however, that section 501 provides for reimbursement for payment of "basic loss benefits for accidental bodily injury *to a person occupying a motor vehicle,* the owner of which is uninsured . . ." (emphasis supplied). Since a pedestrian (and not an occupant of an uninsured motor vehicle) was injured, defendant argues, the recovery provisions of section 501 are inoperative.

We must reluctantly agree. Since the term "occupant" is not defined in the statute and since there are apparently no cases construing the term in this content, we must ascribe to the word "occupant" its usual definition, namely, one who occupies something, in this case the motor vehicle. Since the benefits were not paid to an "occupant," we cannot see how section 501 assists plaintiff's claim. When legislative language is clear and unambiguous, we cannot "second guess" the legislative intent. While we are hard pressed to understand why the legislature limited section 501 to payments made to occupants as opposed to non-occupants like John Sarkonis, we must follow the clear mandate of the statute. If this indeed is an oversight in legislative drafting, then the legislature and not the courts should supply the corrective language.

This conclusion is buttressed, we think, by the list of terms defined in section 103, 40 P.S. § 1009.103. Significantly the term "victim" is listed and defined as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle." It seems rather odd that the legislature would use the term "occupant" in section 501 when the term "victim" is available and understood. In short the legislature likely intended in section 501

to cover only injured "occupants" and not "victims."

Finally there appears to be indirect confirmation of the conclusion that plaintiff cannot succeed under section 501 in the language describing the assigned claims plan in section 108, 40 P.S. §1009.108, the subrogation section under the assigned claims plan. Section 108(a)(2) states: "If a claim qualifies for assignment under paragraph (1) (C), (D), or (E) of this subsection, . . . any insurer to whom the claim is assigned is subrogated to all rights of the claimant against the obligor. . . ." This language is significant because neither section 108(a)(C) nor (D) nor (E) seems to cover the case before us, i.e., a claim against an uninsured motorist. In short we are not even sure plaintiff is subrogated in the instant claim. While this too is somewhat hard to understand, section 108(a)(1) uses the term "victim" and is consistent in effect with section 501 in that it, too, disallows subrogation in the facts we have before us. See Cataldo v. Rick, 10 D.&C. 3d 348 (1979).

By way of summary, we must reluctantly conclude that plaintiff has failed to state a cause of action in its complaint as presently drafted. The language employed by the legislature permits us to reach no other conclusion.

## ORDER

It is ordered, adjudged, and decreed that the preliminary objections of defendant are hereby sustained.